IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-53-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| VINCENT ELOYD HILL | ) | |
| | ) | |

This matter is before the Court on Defendant's Motions to Suppress. Defendant Vincent Eloyd Hill moves to suppress evidence obtained during traffic stops on March 17th 2009 and November 10th, 2009. For the reasons stated herein, Defendant's Motion is DENIED.

## INTRODUCTION

On March 17th, an officer observed the defendant slumped against his door, driving five miles below the 60 miles per hour speed limit, and crossing over the yellow line several times. After the officer stopped the Defendant at 1:30 pm, the officer noted the Defendant acting nervous by shaking, shifting his weight, not making eye contact, and twice refusing to leave before exiting his vehicle. The Defendant and the passenger had different stories about where they were coming from, as the Defendant stated they was coming back from picking up a muffler from Jacobs Auto Parts and the passenger said they were coming back from getting a radiator and fan belt from JC Auto Sales. When asked, the passenger was unable to locate the purchased items. The passenger also stated the Defendant did not enter the store but only met a woman in the parking lot. Ten minutes after the stop and after issuing the Defendant a traffic ticket, the officer requested a narcotics canine to the scene at 1:40pm. The two suspects waited outside their

car until the narcotics canine arrived approximately 15-20 minutes later in what they later stated was uncomfortably cold weather.[1] Subsequently, the dog alerted to drugs and the police seized heroin and a handgun. Thirty-five to 40 minutes passed from the initial stop to the arrival of the canine.

After the dog was placed back in the police vehicle, an officer accidently pressed his vehicle door popper, allowing the dog to exit the vehicle and bite the Defendant. The Defendant was taken to the hospital and suffered minor injuries.

On November 11th, 2009, an officer stopped the driver and Defendant passenger driving 10 miles over the 65 miles per hour speed limit. The driver did not have her license, and the officer observed a strong odor of marijuana and two air fresheners in the car. The Defendant passenger stated the car belonged to his sister and his hand shook when he gave his license. The driver and the Defendant told slightly different stories as they stated they were coming from different states and had left on different days. When the officer asked the driver if he could search the car, she stated she did mind but that the officer should ask the Defendant. The officer then advised the driver that the driver had the authority to consent since the Defendant did not own the vehicle and was merely a passenger. The driver then signed the consent form. The Defendant objected to the search.

The officer found grey duct tape and several tools inside the pocket of the passenger door, and observed that the seat bolts looked "extremely tooled." He also observed that black sheet metal had been welded underneath the floor of the car. Believing a secret compartment present, the officer had the car towed back to Patrol Headquarters, where police found a false

---

[1] The Almanac lists the temperature in Leland, North Carolina on March 17, 2009 as a maximum of 57.9 degrees, a mean of 52.9 degrees and a minimum of 50.0 degrees Fahrenheit.

compartment under the seat with drugs and ammunition inside.

## DISCUSSION

The issues presented in this case are whether the traffic stop on March 17th was unreasonably delayed by the wait for a narcotics dog and whether the vehicle search on November 11th was unconstitutional due to invalid consent or a search beyond the scope of consent. There are no material facts in dispute.

Although a dog sniff is not a search under the Fourth Amendment, police must articulate reasonable suspicion of criminal activity if the dog sniff prolongs an ordinary traffic stop into an independent investigative detention. United States v. Branch, 573 F. 3d 328 (4th Cir. 2008). The investigative detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Florida v. Royer, 460 U.S. 500, 500 (1983). Anything more requires probable cause.

Here, 30 to 40-minute traffic stop was valid as the officer had reasonable suspicion to delay the Defendant while waiting for canine assistance. See, e.g., United States v. McFarley, 991 F.2d 1188 (4th. Cir. 1993) (finding 38-minute detention of luggage reasonable to wait for narcotics dog at airport); Morris v. Dean, 223 Fed. Appx. 937 (11th cir. 2007) (finding reasonable suspicion supported 43-minute traffic stop that included wait for canine unit); United States v. Borys, 766 F.2d 304, 311 (7th Cir. 1985) (finding 70-minute seizure of luggage in airport reasonable when it only contained sporadic questioning for 45 minutes as opposed to continual interrogations); United States v. Hardy, 855 F.2d 753 (11th Cir. 1988)(finding reasonable suspicion supported 50-minute delay to traffic stop for narcotics dog despite cold weather); c.f. United States v. Place, 462 U.S. 696 (1983) (finding 90-minute seizure of luggage at airport for

canine sniff unreasonable). In addition, a dog bite does not constitute a seizure under the Fourth Amendment when police did not intentionally use the police canine to seize the Defendant. Melgar ex rel. Melgar v. Greene, 593 F.3d 348, 354 (4th Cir. 2010).

The second issue is whether the vehicle search on November 11th was unconstitutional due to invalid consent or search beyond the scope of consent. A third party with actual or apparent authority over property may validly consent to its search and a search is valid as long as the officer reasonably believes the third party has such authority. United States v. Matlock, 415 U.S. 164, 170 (1974); Illinois v. Rodriguez, 497 U.S. 177, 186 (1990). A driver of a vehicle has actual authority over a vehicle when the owner is not present. 79 C.J.S. Searches § 156. In addition, a passenger who has no possessory or ownership interest in the vehicle has no standing to object to a search. United States v. Matlock, 415 U.S. 164, 170 (1974). Searches include any containers or compartments under a vehicle. Wyoming v. Houghton, 526 U.S. 295, 307 (1999).

Here, the driver had authority to consent to a warrantless search, and the defendant passenger had no standing to object. Even if the consent was not valid or did not expand to the search of the secret compartment, the officer still had probable cause to search because of the strong marijuana smell in the vehicle, extremely tooled seat bolts, and welded sheet metal under the car. United States v. Bullock, 94 F.3d 896, 899 (4th Cir. 1996) ("we need not decide whether a consent to search authorizes breaking into a secret compartment. The officers in this case had probable cause.")

## CONCLUSION

Thus the searches on March 17, 2009 and November 10, 2009 were valid, and the Defendant's Motion to Suppress are DENIED.

SO ORDERED, this 16th day of September, 2010.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE