IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-53-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | AMENDED O R D E R |
| | ) | |
| VINCENT ELOYD HILL | ) | |
| | ) | |

This matter is before the Court on the Government's Supplemental Response and Memorandum of Law in Opposition to Defendant's Motion to Suppress.

## Background

On September 16, 2010, this Court issued an Order denying the Defendant's Motion to Suppress regarding drugs seized after police stopped the Defendant for a routine traffic stop on March 17, 2009. The Court outlined the facts, which were largely uncontested:

On March 17th, an officer observed the defendant slumped against his door, driving five miles below the 60 miles per hour speed limit, and crossing over the yellow line several times. After the officer stopped the Defendant at 1:30 pm, the officer noted the Defendant acting nervous by shaking, shifting his weight, not making eye contact, and twice refusing to leave before exiting his vehicle. The Defendant and the passenger had different stories about where they were coming from, as the Defendant stated they was coming back from picking up a muffler from Jacobs Auto Parts and the passenger said they were coming back from getting a radiator and fan belt from JC Auto Sales. When asked, the passenger was unable to locate the purchased items. The passenger also stated the Defendant did not enter the store but only met a woman in

the parking lot. The officer reported that ten minutes after the stop and after issuing the Defendant a traffic ticket, the officer requested a narcotics canine to the scene at 1:40pm. (The Defendant states he was told about the request 15-20 minutes after he was stopped.) The two suspects waited outside their car until the narcotics canine arrived approximately 20 minutes later at 2:00pm in what they later stated was uncomfortably cold weather.[1] Subsequently, the dog alerted to drugs and the police seized heroin and a handgun. Thirty to 40 minutes passed from the initial stop to the arrival of the canine.

The Court found that the police had reasonable suspicion to delay the Defendant until arrival of the canine unit.

After the Court issued the Order, the Government informed this Court that due to an error in a police report, both the Government and the Defendant mistakenly informed the Court that the narcotics dog arrived on scene 20 minutes after it was requested. In actuality, the canine arrived 35 minutes after it was requested, at 2:15pm. As a result, approximately 45 to 55 minutes passed from the time the police stopped the Defendant to the point when the narcotics dog arrived.

## Discussion

The Court finds that this error does not change the outcome of its Order as the cases previously cited still support that reasonable suspicion allowed the delay: See, e.g., United States v. McFarley, 991 F.2d 1188 (4th. Cir. 1993) (finding 38-minute detention of luggage reasonable to wait for narcotics dog at airport); Morris v. Dean, 223 Fed. Appx. 937 (11th cir. 2007) (finding reasonable suspicion supported 43-minute traffic stop that included wait for canine unit); United

---

[1] The Almanac lists the temperature in Leland, North Carolina on March 17, 2009 as a maximum of 57.9 degrees, a mean of 52.9 degrees and a minimum of 50.0 degrees Fahrenheit.

States v. Borys, 766 F.2d 304, 311 (7th Cir. 1985) (finding 70-minute seizure of luggage in airport reasonable when it only contained sporadic questioning for 45 minutes as opposed to continual interrogations); United States v. Hardy, 855 F.2d 753 (11th Cir. 1988)(finding reasonable suspicion supported 50-minute delay to traffic stop for narcotics dog despite cold weather); c.f. United States v. Place, 462 U.S. 696 (1983) (finding 90-minute seizure of luggage at airport for canine sniff unreasonable).

## Conclusion

In conclusion, the Court amends only the facts outlined in its September 16, 2010 Order, and not its outcome.

SO ORDERED, this ___ day of September, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE