IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-53-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| VINCENT ELOYD HILL | ) |

This matter is before the Court on Defendant Vincent Eloyd Hill's renewed Motion for Acquittal [DE 92]. The government has filed a Response in Opposition and the Motion is ripe for adjudication. For the following reasons, Defendant's renewed Motion for Acquittal [DE 92] is DENIED.

## BACKGROUND

Defendant Vincent Eloyd Hill and co-Defendant Sherese Lanelle Williamson were charged in a five count Superceding Indictment [DE 66] alleging multiple violations of federal law. The Superceding Indictment charged Hill and co-Defendant Williamson, in Counts 1 and 5, respectively, with conspiracy with the intent to distribute and distribute one-hundred (100) grams or more of heroin and a quantity of marijuana in violation of 21 U.S.C. § 846, and possession with the intent to distribute a quantity of heroin and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. Hill was also charged, alone, in the Superseding Indictment with possession with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (count 2); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924 (count 4); and possession of a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count 3).

Hill was tried before a jury in the United States District Court for the Eastern District of North Carolina in Elizabeth City, North Carolina on February 7 and 8, 2011. The undersigned presided over Williamson and Hill's trial.

On February 8, 2011, the jury reached a verdict, finding Hill guilty on all counts alleged in the Superceding Indictment. Prior to the jury's deliberations and the rendering of its verdict, counsel for Hill moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. All of Hill's motions were denied. Hill, by way of the instant Motion, renews his motion for judgment acquittal.

## DISCUSSION

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c). A motion for judgment of acquittal should be denied if "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

In this case, a rational trier of fact could have found the Defendant guilty beyond a reasonable doubt. Trial evidence showed that from March, 2009, to September, 2009, the Defendant frequently traveled to between New Jersey and North Carolina for the purpose of trafficking and distributing heroin. A co-conspirator testified for the government, establishing that Defendant sold him more than 400 grams of heroin in Wilmington's Creekwood neighborhood. Additionally, a Leland police officer testified that, on March 17, 2009, he

directed a traffic stop of a vehicle registered to and driven by the defendant, a convicted felon, and found 10 bags of heroin, a loaded firearm, and $3,135. Further, on November 10, 2009, a trooper with the North Carolina State Highway Patrol testified that he conducted a traffic stop on I-95 South in Johnston County, North Carolina, of a vehicle occupied by the defendant. Troopers found inside of the vehicle an aftermarket secret compartment which contained 76 grams of heroin and a quantity of marijuana.

In viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Hill guilty beyond a reasonable doubt. Accordingly, Defendant's renewed Motion for Acquittal is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's renewed Motion for Acquittal [DE 92] is DENIED.

DONE and ORDERED, this __7__ day of March, 2011 at Elizabeth City, North Carolina.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3